T.C. Memo. 1998-51

UNITED STATES TAX COURT

DANIEL E. GODFREY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9453-97.                     Filed February 9, 1998.

Daniel E. Godfrey, pro se.

<u>Louise R. Forbes</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $751. Petitioner resided in Winthrop, Massachusetts, at the time the petition was filed.

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

The sole issue is whether petitioner is entitled to exclude from gross income $5,000 paid to petitioner and Dartmouth College by the Globe Newspaper Co., the publisher of the Boston Globe (the Globe).

The facts are undisputed and may be summarized as follows. When petitioner was in secondary school he delivered newspapers for the Globe. During that time the Globe had a "Paper Route to College" program in which petitioner participated. Under the program, if petitioner delivered the Globe for 3 years, the Globe would pay $5,000 toward petitioner's first-year tuition at an accredited college or university. Petitioner delivered the Globe for the years 1988, 1989, and 1990. Upon his graduation from secondary school in 1994, petitioner was accepted by, and enrolled at, Dartmouth College. On September 2, 1994, the Globe issued a check to petitioner and Dartmouth College in the amount of $5,000 that was applied toward petitioner's first year tuition.

Petitioner did not include the $5,000 in gross income on his 1994 Federal income tax return. Upon examination, respondent determined that the $5,000 was includable in gross income and issued a notice of deficiency.

Section 61(a) defines gross income to include "all income from whatever source derived". In view of the all inclusive language of section 61, exclusions from income are matters of legislative grace and are construed narrowly. Commissioner v.

Schleier, 515 U.S. 323, 328 (1995); Mostowy v. United States, 966 F.2d 668, 671 (Fed. Cir. 1992). A taxpayer seeking an exclusion from income must be able to point to an applicable statute and show that he comes within its terms.

Petitioner originally contended that section 117 excluded the Globe payment from income. Section 117(a) excludes from income "any amount received as a qualified scholarship". As petitioner now recognizes, however, section 117 does not apply to any amount "which represents payment for * * * services by the student". Sec. 117(c). There is no question that petitioner and the Globe understood that the $5,000 was contingent on petitioner's rendering services. Therefore, as petitioner recognizes, section 117 is inapplicable here.

Petitioner also contends that the payment was an award and exempt from gross income under section 74(b). To understand this argument, we turn first to section 74(a) which provides that, as a general rule, "gross income includes amounts received as prizes and awards." Section 74(b), however, provides an exception to the general rule in certain circumstances where the award is transferred to a charitable institution. While we have no doubt that Dartmouth College is a qualified institution, we seriously question whether Congress intended for this provision to include "transfers" in payment of tuition. Furthermore, section 74(b) applies to "amounts received * * * primarily in recognition of religious, charitable, scientific, educational, artistic,

literary, or civic achievement".  While we have no doubts, particularly in light of New England winter mornings, that the Globe's payment was in recognition of Herculean efforts, we cannot classify those efforts within any of the enumerated achievements to which section 74(b) is directed.  See <u>Hornung v. Commissioner</u>, 47 T.C. 428, 436-437 (1967).  We further note that under section 74(b)(1), the recipient must have been selected "without any action on his part to enter the contest or proceeding".  We are not pursuaded that petitioner played no role in initiating the process that led to the Globe's payment. <u>Isenbergh v. Commissioner</u>, 31 T.C. 1046, 1051-1053 (1959).  In sum, we must also reject petitioner's section 74(b) argument. Therefore, respondent's determination is sustained.

<u>Decision will be entered</u>

<u>for respondent</u>.
